

# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   19    0382

_Javier Ayala_____, _Plaintiff(s)_

v.

_Pepsi Beverage Company_____, _Defendant(s)_

### SUMMONS

To the above-named Defendant:  _Pepsi Beverage Company_

You are hereby summoned and required to serve upon _Suzanne L. Herald, Herald Law Group, P.C._
plaintiff's attorney, whose address is _50 Terminal Street, Bld 2, Ste 716, Charlestown, MA, 02129_
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,   JUDITH FABRICANT, Esquire   , at _Norfolk_   the _1ˢᵗ_

day of ___May_____, in the year of our Lord two thousand and __19__

_[signature]_ Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33



# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                2019 MAR 21   PM 4: 13   NORFOLK SUPERIOR COURT
                           CLERK OF THE COURTS        CIVIL ACTION NO.:
                            NORFOLK COUNTY

|  |  |  |
|---|---|---|
| JAVIER AYALA | ) | |
| | ) | |
| Plaintiff, | ) | 19   0382 |
| | ) | |
| v. | ) | |
| | ) | |
| PEPSI BEVERAGES COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Javier Ayala is an individual who resides at 75 Wyoming Avenue, Brockton, Plymouth County, Massachusetts.

2. The Defendant, Pepsi Beverages Company (hereinafter "Company" or "Defendant") is a Corporation headquartered in Somers, NY, with a principal place of business at 100 John Road, Canton, Norfolk County, Massachusetts.

### Facts

1. Mr. Ayala is a Hispanic male.

2. Mr. Ayala began working for the Company as a delivery driver on or about March 19, 2014.

3. On July 23, 2018, Mr. Ayala made a delivery to Roslindale House of Pizza ("Roslindale Pizza").

4. Mr. Ayala gave a Roslindale Pizza employee an invoice for the delivery.

5. The employee told Mr. Ayala he did not have a check for the order and insisted Mr. Ayala leave the order and return later for payment.

6. Mr. Ayala calmly informed the employee that he would not be able to leave the order without payment per Pepsi policy.

7. The Roslindale Pizza employee refused to pay Mr. Ayala for the delivery.

8. Mr. Ayala began to remove the Pepsi products from the shelf, when the Roslindale Pizza employee suddenly handed him a check to pay for the delivery.

9. When Mr. Ayala finished putting the Pepsi products back on the shelf, the Roslindale Pizza Chef told him to pick up the empty containers.

10. When Mr. Ayala asked the Chef where the containers were the chef replied, "you should know where it's at, that's your job."

11. Mr. Ayala picked up the containers and left the premises.

12. On July 30, 2018, Mr. Ayala was called to the Defendant unit Manager's office and informed he was suspended until further investigation because of the events on July 23, 2018 at the Roslindale House of Pizza described herein.

13. The Defendant conducted a cursory, one-sided, investigation on the incident, consisting of a conversation with a few Roslindale House of Pizza employees who claimed that Mr. Ayala had been disrespectful and had an attitude."

14. The Defendant's investigation did not include collecting information and statements from Mr. Ayala, nor a fellow Pepsi employee who witnessed the entire incident.

15. Prior to this incident, the Defendant had given Mr. Ayala excellent performance reviews and recognized him with several awards for his eagerness to help fellow employee (drivers) and managers learn their job responsibilities and improve internal operations and efficiency.

16. At that time, Mr. Ayala stated that he felt discriminated against based upon his race / color.

17. On August 8, 2018, without further investigation, nor any statements or information about the incident from Mr. Ayala, Pepsi terminated his employment.

18. On information and belief, the Defendant has a history of treating non-Hispanic employees more favorably than Hispanic employees.

19. For example, John Bernard, a Caucasian employee, did not perform in his delivering product to Walgreens Pharmacy.

20. Although Walgreens did not want Mr. Bernard to service the account any longer, the Defendant neither terminated, nor disciplined him for his poor performance with this major account.

21. For example, another white Pepsi driver received numerous complaints about his poor attitude from multiple accounts, but was never disciplined, nor terminated.

22. On information and belief, there are other non-Hispanic employees or former employees who have had similar complaints / issues as Mr. Ayala who were not terminated for the conduct or alleged conduct.

<u>Causes of Action</u>

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

<u>FIRST CAUSE OF ACTION – RACE DISCRIMINATION IN VIOLATION OF
MASS. GEN. LAWS CHAPTER 151B §1, et. seq.</u>

23. This is a cause of action against the Defendant for race / color discrimination in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

24. The Plaintiff is Hispanic.

25. The Defendant is aware that Plaintiff is Hispanic.

26. The Plaintiff was subjected to race discrimination, which had the purpose of creating a hostile and humiliating work environment, which interfered with the Plaintiff's ability to do his job.

27. The Plaintiff was treated less favorably than his Caucasian comparators.

28. The Plaintiff was terminated because of his race.

29. As a result of the Defendant's conduct, the Plaintiff has suffered.

***The Plaintiff demands a jury trial on all triable issues.***

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendant;

2. Attorney's fees, costs and expert witness fees;

3. Compensatory damages for emotional distress;

4. Punitive damages pursuant to MGL c. 151B, § 9;

5. Pre-Judgment and Post-Judgment Interest, and

6. Such other relief as the Court deems just and fair.

March 15, 2019                              The Plaintiff,
                                            Javier Ayala
                                            By his attorneys,


                                            Suzanne L. Herold (BBO# 675808)
                                            Herold Law Group, P.C.
                                            50 Terminal Street
                                            Building 2, Suite 716
                                            Charlestown, MA 02129
                                            (617) 944-1325 (t)
                                            (617) 398-2730 (f)
                                            suzie@heroldlawgroup.com


                                            Matthew J. Kidd (BBO#691951)
                                            Law Office of Matthew J. Kidd
                                            12 Ericsson Street, Suite 201
                                            Boston, MA 02122
                                            (617) 820-8400 (t)
                                            (617) 687-0444 (f)



# EXHIBIT C

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | COUNTY |
|---|---|---|
| PLAINTIFF(S): | Javier Ayala | Norfolk |
| ADDRESS: | 75 Wyoming Ave | |
| | Brockton, MA | DEFENDANT(S): Pepsi Beverages Co. |

| ATTORNEY: | Suzanne L. Herold, Herold Law Group P.C. | |
|---|---|---|
| ADDRESS: | 50 Terminal St. | ADDRESS: 100 John PL. |
| | Bld 2, Ste 714 | Canton, MA |
| | Charlestown, MA  02129 | |
| BBO | 675808 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☐ NO | ☐ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ..................................................................... $ _____
    2. Total doctor expenses ...................................................................... $ _____
    3. Total chiropractic expenses ............................................................ $ _____
    4. Total physical therapy expenses .................................................... $ _____
    5. Total other expenses (describe below) ........................................... $ _____
                                                                     Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................... $25,000.00
C. Documented property damages to date ............................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ........................ $ _____
E. Reasonably anticipated lost wages ................................................................. $ _____
F. Other documented items of damages (describe below) ................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

    Emotional distress

T. B. D.

TOTAL (A-F): $ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                              Date: 3-15-19



# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                          NORFOLK SUPERIOR COURT
                                      CIVIL ACTION NO.: 19-cv-0382

_____
                               )
JAVIER AYALA                   )
                               )
       Plaintiff,              )
                               )
          v.                   )
                               )
PEPSI BEVERAGES COMPANY        )
                               )
       Defendant.              )
_____)

## ACKNOWLEDGMENT AND ACCEPTANCE OF SERVICE

       Service of Plaintiff's Complaint & Jury Demand, Copy of Summons, Tracking
Order and Civil Action Cover Sheet is hereby acknowledged and accepted by Defendant,
Pepsi Beverages Company

       May 8, 2019                          Defendant
                                            Pepsi Beverages Company
                                            By its attorney,


                                            Diane Saunders

                                            _____
                                            Diane M. Saunders (BBO# 562872)
                                            Ogletree Deakins Nash Smoak &
                                            Stewart, P.C.
                                            One Boston Place, Suite 3500
                                            Boston, MA 02108
                                             (617) 994 5704 (phone)
                                            Diane.Saunders@ogletree.com



# EXHIBIT E

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    NORFOLK SUPERIOR COURT
                                                CIVIL ACTION NO.:  19-cv-0382

———————————————————
                                        )
JAVIER AYALA                            )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )
                                        )
NEW BERN TRANSPORT COMPANY              )
d/b/a PEPSI BEVERAGES COMPANY           )
                                        )
        Defendant.                      )
                                        )
———————————————————

## AMENDED COMPLAINT AND JURY DEMAND

### Parties

1.  The Plaintiff, Javier Ayala is an individual who resides at 75 Wyoming Avenue, Brockton, Plymouth County, Massachusetts.

2.  The Defendant, New Bern Transport Company d/b/a Pepsi Beverages Company (hereinafter "Company" or "Defendant") is a Corporation headquartered in Somers, NY, with a principal place of business at 100 John Road, Canton, Norfolk County, Massachusetts.

### Facts

1.  Mr. Ayala is a Hispanic male.

2.  Mr. Ayala began working for the Company as a delivery driver on or about March 19, 2014.

3.  On July 23, 2018, Mr. Ayala made a delivery to Roslindale House of Pizza ("Roslindale Pizza").

4.  Mr. Ayala gave a Roslindale Pizza employee an invoice for the delivery.

5.  The employee told Mr. Ayala he did not have a check for the order and insisted Mr. Ayala leave the order and return later for payment.

6. Mr. Ayala calmly informed the employee that he would not be able to leave the order without payment per Pepsi policy.

7. The Roslindale Pizza employee refused to pay Mr. Ayala for the delivery.

8. Mr. Ayala began to remove the Pepsi products from the shelf, when the Roslindale Pizza employee suddenly handed him a check to pay for the delivery.

9. When Mr. Ayala finished putting the Pepsi products back on the shelf, the Roslindale Pizza Chef told him to pick up the empty containers.

10. When Mr. Ayala asked the Chef where the containers were the chef replied, "you should know where it's at, that's your job."

11. Mr. Ayala picked up the containers and left the premises.

12. On July 30, 2018, Mr. Ayala was called to the Defendant unit Manager's office and informed he was suspended until further investigation because of the events on July 23, 2018 at the Roslindale House of Pizza described herein.

13. The Defendant conducted a cursory, one-sided, investigation on the incident, consisting of a conversation with a few Roslindale House of Pizza employees who claimed that Mr. Ayala had been disrespectful and had an attitude."

14. The Defendant's investigation did not include collecting information and statements from Mr. Ayala, nor a fellow Pepsi employee who witnessed the entire incident.

15. Prior to this incident, the Defendant had given Mr. Ayala excellent performance reviews and recognized him with several awards for his eagerness to help fellow employee (drivers) and managers learn their job responsibilities and improve internal operations and efficiency.

16. At that time, Mr. Ayala stated that he felt discriminated against based upon his race / color.

17. On August 8, 2018, without further investigation, nor any statements or information about the incident from Mr. Ayala, Pepsi terminated his employment.

18. On information and belief, the Defendant has a history of treating non-Hispanic employees more favorably than Hispanic employees.

19. For example, John Bernard, a Caucasian employee, did not perform in his delivering product to Walgreens Pharmacy.

20. Although Walgreens did not want Mr. Bernard to service the account any longer, the Defendant neither terminated, nor disciplined him for his poor performance with this major account.

21. For example, another white Pepsi driver received numerous complaints about his poor attitude from multiple accounts, but was never disciplined, nor terminated.

22. On information and belief, there are other non-Hispanic employees or former employees who have had similar complaints / issues as Mr. Ayala who were not terminated for the conduct or alleged conduct.

Causes of Action

(Each Cause Of Action Incorporates Therein<br>All Of The Paragraphs Set Forth, Hereinabove.)

FIRST CAUSE OF ACTION – RACE DISCRIMINATION IN VIOLATION OF<br>MASS. GEN. LAWS CHAPTER 151B §1, et. seq.

23. This is a cause of action against the Defendant for race / color discrimination in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

24. The Plaintiff is Hispanic.

25. The Defendant is aware that Plaintiff is Hispanic.

26. The Plaintiff was subjected to race discrimination, which had the purpose of creating a hostile and humiliating work environment, which interfered with the Plaintiff's ability to do his job.

27. The Plaintiff was treated less favorably than his Caucasian comparators.

28. The Plaintiff was terminated because of his race.

29. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

***The Plaintiff demands a jury trial on all triable issues.***

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendant;

2. Lost wages and future lost wages;

3.  Attorney's fees, costs and expert witness fees;

4.  Compensatory damages for emotional distress;

5.  Punitive damages pursuant to MGL c. 151B, § 9;

6.  Pre-Judgment and Post-Judgment Interest, and

7.  Such other relief as the Court deems just and fair.

June 5, 2019                                    The Plaintiff,
                                               Javier Ayala
                                               By his attorneys,

                                               Suzanne L. Herold (BBO# 675808)
                                               Herold Law Group, P.C.
                                               50 Terminal Street
                                               Building 2, Suite 716
                                               Charlestown, MA 02129
                                               (617) 944-1325 (t)
                                               (617) 398-2730 (f)
                                               suzie@heroldlawgroup.com

                                               Matthew J. Kidd (BBO#691951)
                                               Law Office of Matthew J. Kidd
                                               12 Ericsson Street, Suite 201
                                               Boston, MA 02122
                                               (617) 820-8400 (t)
                                               (617) 687-0444 (f)



# EXHIBIT F

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT

|                                                          |     |                              |
| -------------------------------------------------------- | --- | ---------------------------- |
| JAVIER AYALA                                             | )   |                              |
|                                     Plaintiff,           | )   |                              |
|                                                          | )   |                              |
| v.                                                       | )   | CIVIL ACTION NO. 19-CV-0382  |
| NEW BERN TRANSPORT COMPANY d/b/a PEPSI BEVERAGES COMPANY  | )   |                              |
|                                     Defendant.           | )   |                              |
|                                                          | )   |                              |

## NOTICE TO STATE COURT OF REMOVAL

Please take notice that Defendant New Bern Transport Corporation, misnamed as "New Bern Transport Company d/b/a Pepsi Beverages Company" ("Defendant") has, on June 6, 2019, filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the District of Massachusetts, which is incorporated herein by reference.

Please take further notice that, pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the United States District Court together with the filing of a copy of that Notice of Removal with the Clerk of this Court, effects removal of this action to the United States District Court, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

DEFENDANT NEW BERN TRANSPORT
CORPORATION,

By its attorney,

_____

Diane M. Saunders, BBO #562872
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel. (617) 994-5700
Fax (617) 994-5701
diane.saunders@ogletree.com

Dated:  June 6, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, a true copy of the above document was served via
U.S. Mail upon counsel of record in this matter.

Suzanne L. Herold
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA   02129

Matthew J. Kidd
Law Office of Matthew J. Kidd
12 Ericsson Street, Suite 201

_____

Diane M. Saunders

38816685.1

2